**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Paul E. JACKSON, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 2001.

Filed Oct. 17, 2001.

James K. Vogel, Asst. Dist. Atty., Erie, for Commonwealth, appellant.

Joseph P. Conti, Erie, for appellee.

Before: MUSMANNO, LALLY–GREEN and HESTER, JJ.

MUSMANNO, J.

¶ 1 The Commonwealth of Pennsylvania appeals from the Order of the trial court, which granted Appellee Paul E. Jackson, Jr.'s ("Jackson") Motion to compel discovery. We reverse the Order of the trial court.

¶ 2 The trial court summarized the facts underlying the instant appeal as follows:

On August 16, 2000, [Jackson] was charged with criminal homicide [and] murder, two counts of aggravated assault, and possessing instruments of a crime.[1] [Jackson] was [preliminarily] arraigned on these charges on August 16, 2000. On September 6, 2000, during

---

1. 18 Pa.C.S.A. §§ 2501, 2502, 2702 and 907, respectively.

a telephone conversation with the assigned prosecutor, ... defense counsel made a request for discovery of the arrest reports and additional investigative information. The request was based upon the need for the information as part of an independent psychiatric and psychological evaluation to be conducted on [Jackson,] which was scheduled for September 25, 2000, as well as for trial preparation. [The prosecutor], on behalf of the Commonwealth, refused to provide the requested information.

Accordingly, on September 21, 2000, [Jackson] filed a Motion for an Order To Compel Discovery requesting that this Court enter an order requiring the Commonwealth to provide defense counsel [with] the requested discovery prior to the preliminary hearing. Following a hearing and argument on the matter[,] held on September 25, 2000, the Court granted [Jackson's] motion on that same date.

On September 27, 2000, the Court denied the Commonwealth's motion requesting reconsideration and/or a rehearing *en banc.* On October 2, 2000, the Court granted the Commonwealth's motion to certify the case for interlocutory appeal regarding the contested discovery issue. The Commonwealth then filed an additional motion to stay the discovery order entered on September 25, 2000 pending the appeal's outcome, which the Court granted on October 3, 2000. On October 4, 2000, [Jackson] filed a motion to reconsider the certification for appeal and/or a motion to stay the appeal, which the Court denied on November 13, 2000.

Trial Court Opinion, 4/2/01, at 1–2.

¶ 3 The Commonwealth asserts that the trial court abused its discretion when it granted Jackson's Motion to compel discovery. According to the Commonwealth,

the Rules of Criminal Procedure do not contemplate or authorize the filing of a contested discovery motion or order prior to the defendant's preliminary hearing. The Commonwealth claims that pursuant to Pa.R.Crim.P. 573(A) (formerly Rule 305(E)), a motion to compel discovery must be filed within fourteen days after the defendant's formal arraignment. Brief for Appellant at 11. We agree.

■ ¶ 4 Appellate courts generally review the grant or denial of discovery requests for an abuse of discretion. *Commonwealth v. Williams,* 557 Pa. 207, 223 n. 5, 732 A.2d 1167, 1175 n. 5 (1999). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Hess,* 745 A.2d 29, 31 (Pa.Super.2000).

■ ¶ 5 In criminal cases, the rights and duties of the parties in pretrial discovery are governed by Pa.R.Crim.P. 573. Regarding informal discovery, Rule 573 provides, in relevant part, as follows:

Informal. Before any disclosure or discovery can be sought under these rules by either party, counsel for the parties shall make a good faith effort to resolve all questions of discovery, and to provide information required or requested under these rules as to which there is no dispute. When there are items requested by one party which the other party has refused to disclose, the demanding party may make appropriate motion to the court. *Such motion shall be made within 14 days after arraignment,* unless the time for filing is extended by the court. In such motion the party must set forth the fact that a good faith effort to discuss the requested material has taken place and proved unsuccessful. Nothing

in this provision shall delay the disclosure of any items agreed upon by the parties pending resolution of any motion for discovery.

Pa.R.Crim.P. 573(A) (emphasis added). Interpreting this Rule, the trial court concluded that "there exists no language in Rule [573] prohibiting the making of such motion at an earlier date." Trial Court Opinion, 4/2/01, at 16. We disagree.

¶ 6 The Statutory Construction Act, which applies to the Rules of Criminal Procedure,[2] provides that "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage . . . ." 1 Pa.C.S.A. § 1903(a). Moreover, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(c).

¶ 7 In drafting Rule 573, the Pennsylvania Supreme Court stated that a discovery motion "shall be made within 14 days after arraignment." Pa.R.Crim.P. 573(A) (emphasis added). The Supreme Court's use of the word "shall" denotes a mandatory, not a permissive, instruction. See Commonwealth v. Strader, 548 Pa. 208, 696 A.2d 151 (1997) (stating that by definition, the term "shall" is mandatory). The term "within" connotes "enclosure" or "containment." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1359 (10th ed.1997). The Rule additionally states that the motion is to be made "after" arraignment. Because Rule 573(A) is void

of ambiguity, we adhere to the plain language of the rule that any discovery motions must be filed *after* the defendant's formal arraignment.

¶ 8 Our interpretation of Rule 573(A) is consistent with prior statements by this Court in *Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985). In *Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985) this Court discussed the availability of pre-trial discovery prior to a preliminary hearing. In a footnote, this Court explained:

Appellant argued on appeal that he was improperly denied a Pa.R.Crim.P. [573] discovery motion prior to the December 11 [certification] hearing. However, the rules of criminal procedure do not apply to proceedings in Juvenile Court (Pa. R.Crim.P.1(a)). **Moreover, pre-trial discovery is generally not available to an accused at the preliminary hearing stage of criminal proceedings.** In any event, since there is no longer any question that a *prima facie* case existed against appellant, it cannot be said that he was prejudiced by a denial of discovery prior to the certification hearing.

*Sanders*, 489 A.2d at 213 n. 9 (citation omitted) (emphasis added). Although this statement did not control the outcome of the case, it is nonetheless persuasive.[3]

¶ 9 Here, Jackson filed his discovery Motion prior to his formal arraignment. Jackson did not file his Motion "within 14 days after arraignment," as authorized by

2. *See* Pa.R.Crim.P. 101(C) (stating that the Rules are to be construed in consonance with the rules of statutory construction).

3. In another case, *Commonwealth v. Nacrelli*, 280 Pa.Super. 338, 421 A.2d 752 (1980), this Court discussed the availability of a discovery sanction, pursuant to Rule 305(E) (now Rule 573(E)), based upon a witness's failure to complete his cross-examination at a preliminary hearing. In that case, the trial court had

entered an order prohibiting that witness from testifying at trial. In reversing the trial court's order, this Court stated: "We are faced with the anomalous situation of a court ordering a person not to do something which he has indicated that he will not do. *The court further has based its order on a discovery rule which has nothing to do with pretrial hearings.*" *Id.* at 754 (emphasis added).

Rule 573(A). Because Jackson's discovery Motion was not authorized by the Rules of Criminal Procedure, we conclude that the trial court erred in granting the Motion. Accordingly, we reverse the Order of the trial court.[4]

¶ 10 Order reversed.

4. We discern no prejudice to a defendant caused by precluding discovery motions until after the formal arraignment. Moreover, our interpretation of Rule 573(A) prevents the filing of unduly burdensome and/or unnecessary discovery motions. Charges included in the initial criminal complaint, for many reasons, may not be included in the subsequent criminal information. Moreover, charges filed against a defendant may be dismissed at the preliminary hearing. Discovery related to the dismissed charges may be irrelevant and unnecessary. By waiting until after the formal arraignment, the parties and the trial court are better able to ascertain the parameters of appropriate discovery.