**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Michael FLEMING, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.

Filed March 1, 2002.

---

**386** ■

Timothy J. Lucas, Erie, for appellant.

Damon C. Hopkins, Asst. Dist. Atty., Erie, for Commonwealth, appellee.

Before STEVENS, LALLY–GREEN, and BROSKY, JJ.

STEVENS, J.

¶ 1 This interlocutory appeal is from an order of the Court of Common Pleas of Erie County denying Appellant's pretrial motion to compel discovery of the Commonwealth's case prior to formal arraignment. For the following reasons, we quash.

¶ 2 The present case arises from the unsolved homicide of Janine K. Kirk, whose body was found along Beach # 3 of Presque Isle State Park on June 25, 1988. An autopsy performed on August 25, 1990,

determined that Ms. Kirk died as a result of blunt force trauma to the head and hemorrhaging from stab wounds to the neck. An investigation culminated with the August 25, 2000, arrest of Appellant on the charge of Criminal Homicide, 18 Pa. C.S.A. § 2501(a).

¶ 3 Prior to his preliminary hearing, which had been scheduled for November 6, 2000, Appellant filed a motion to compel discovery by the Commonwealth. On October 16, 2000, the lower court held a hearing on Appellant's motion, wherein counsel for Appellant argued that the "significant passage of time" between the criminal event and his arrest had prejudiced his ability to prepare for the preliminary hearing, thus necessitating immediate discovery. Furthermore, he asserted that Pa.R.Crim.P. 573,[1] which sets forth the procedure governing pre-trial discovery, did not prohibit the court from ordering discovery at some time earlier than formal arraignment. The court disagreed that compelling reasons existed to depart from Rule 573, however, and denied Appellant's motion.

¶ 4 On November 1, 2000, the lower court granted Appellant's motion to certify the case for interlocutory appellate review regarding the contested discovery issue. This appeal followed.

■ ¶ 5 Before we may address the merits of Appellant's issue, we must determine if he has properly invoked the appropriate appellate procedure for seeking review of an interlocutory order not appealable as of right. Generally, an immediate appeal may only be taken from a final order. Pa.R.A.P. 341. A final order is one which disposes of the entire case or puts an appellant out of court with respect to a claim. *Commonwealth v. Nicodemus*,

1. Formerly Pa.R.Crim.P. 305.

431 Pa.Super. 342, 636 A.2d 1118 (1993). In the present case, there is no dispute that the order in question is interlocutory rather than final. Even if an order is interlocutory, immediate appeal by right may be taken if the order is one of the types of interlocutory orders listed in Pa. R.A.P. 311. The present interlocutory order, however, is not.

■ ¶ 6 When an interlocutory order is not immediately appealable by right, discretionary review may only be sought by the filing of a petition for an interlocutory appeal by permission pursuant to Pa. R.A.P. 1311 and 42 Pa.C.S.A. § 702(b). *See* Pa.R.A.P. 312. *See also Hoover v. Welsh,* 419 Pa.Super. 102, 615 A.2d 45, 46 (1992); *Commonwealth v. Feagley,* 371 Pa.Super. 593, 538 A.2d 895 (1988). This Court must quash an interlocutory appeal filed in any other manner, because the filing of a petition for permission of review is jurisdictional in nature. *Hoover, supra; Feagley, supra.*

■ ¶ 7 Appellant has made no attempt to comply with the procedures dictated by Rule 1311 and 42 Pa.C.S.A. § 702(b). Therefore we quash his appeal.

■ ¶ 8 Moreover, even if Appellant had filed his appeal according to proper procedures and we granted review, we would find no merit to his claim. The sum of Appellant's contention was that there is nothing in the language of Rule 573 that prohibits a motion for discovery at a date earlier than that specified in the Rule. This Court has recently held otherwise.

■ ¶ 9 Appellate courts generally review the grant or denial of discovery requests for an abuse of discretion. *Commonwealth v. Williams,* 557 Pa. 207, 223 n. 5, 732 A.2d 1167, 1175 n. 5 (1999). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Hess,* 745 A.2d 29, 31 (Pa.Super.2000).

¶ 10 In criminal cases, the rights and duties attendant pretrial discovery are governed by Pa.R.Crim.P. 573. Regarding informal discovery, Rule 573 provides, in relevant part, as follows:

> Informal. Before any disclosure or discovery can be sought under these rules by either party, counsel for the parties shall make a good faith effort to resolve all questions of discovery, and to provide information required or requested under these rules as to which there is no dispute. When there are items requested by one party which the other party has refused to disclose, the demanding party may make appropriate motion to the court. **Such motion shall be made within 14 days after arraignment,** unless the time for filing is extended by the court. In such motion the party must set forth the fact that a good faith effort to discuss the requested material has taken place and proved unsuccessful. Nothing in this provision shall delay the disclosure of any items agreed upon by the parties pending resolution of any motion for discovery.

Pa.R.Crim.P. 573(A). (emphasis added).

¶ 11 In the recent decision of *Commonwealth v. Jackson,* 785 A.2d 117 (Pa.Super.2001), this Court addressed whether a Court of Common Pleas erred in granting a defendant's motion to compel discovery prior to defendant's preliminary hearing. In reversing the court order compelling such discovery, we construed the plain language of Rule 573(A)'s provision "Such motion shall be made within 14 days after arraignment[ ]" to mandate that "discovery motions **must** be filed **after** the defen-

dant's formal arraignment." *Jackson*, 785 A.2d at 119 (emphasis added). Additionally, we discerned no prejudice caused by precluding discovery motions until after the formal arraignment, and identified that, "[b]y waiting until after the formal arraignment, the parties and the trial court are better able to ascertain the parameters of appropriate discovery." *Jackson*, 785 A.2d at 119 n. 4.

¶ 12 Like the defendant in *Jackson*, Appellant filed his discovery motion prior to, rather than within 14 days after, formal arraignment. Such a discovery motion clearly is "not authorized by the Rules of Criminal Procedure." *Jackson*, 785 A.2d at 119. Accordingly, the trial court committed no error in denying Appellant's motion and, instead, directing the parties that discovery would proceed according to the time strictures set by Rule 573.

¶ 13 Appeal quashed.