**Marian R. MERITHEW and David Merithew, Appellees,**

v.

**Sharon VALENTUKONIS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2004.

Filed Feb. 28, 2005.

Carl J. Guagliardo, Plains, for appellant.

Timothy G. Lenahan, Scranton, for appellees.

BEFORE: DEL SOLE, P.J., LALLY–GREEN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Sharon Valentukonis appeals from the June 1, 2004 order of the Court of Common Pleas, Luzerne County, which granted the Merithews' motion to compel and ordered Valentukonis to answer interrogatories regarding her financial worth. Upon review, we reverse the order.

¶ 2 The relevant facts and procedural history are as follows. Marian R. Merithew and David Merithew commenced a personal injury action against Valentukon-

is for injuries suffered from a motor vehicle accident on November 16, 2002. The Merithews sought personal injury damages based on negligence related to Valentukonis' operation of her motor vehicle. The Merithews did not seek a claim for punitive damages. Valentukonis answered the complaint, and the case proceeded through the discovery process. Valentukonis' insurance company offered to settle the case for Valentukonis' policy limit of $100,000.00. However, the insurance company made the offer beyond the Merithews' time limitation.

¶ 3 On January 23, 2004, the Merithews served on Valentukonis a set of interrogatories and request for production of documents. Interrogatory numbers 24 through 124 requested information on Valentukonis' financial worth. On February 18, 2004, she objected to interrogatory numbers 24 through 124. On April 21, 2004, the Merithews filed a motion to compel. On May 24, 2004, Valentukonis answered the motion to compel, and the trial court conducted a hearing on the motion on the same date. On June 1, 2004, the trial court granted the Merithews' motion and ordered Valentukonis to answer the interrogatories regarding financial worth. This timely appeal followed. The trial court did not order a 1925(b) statement nor did it author an opinion.

¶ 4 On appeal, Valentukonis questions:

Whether, in an ordinary automobile negligence case where punitive damages are not sought, but where the plaintiffs seek a verdict in excess of the defendant's liability insurance coverage and where damages are in dispute, the plaintiffs are entitled to pre-judgment discovery of the defendant's personal financial worth?

Appellant's brief, at 4.

¶ 5 Before we address the merits of Valentukonis' issue, we must first determine whether the appeal is properly before us as a collateral issue.

An appeal may be taken only from a final order unless otherwise permitted by statute or rule. A final order is ordinarily one which ends the litigation or disposes of the entire case; however, "an appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a).

*Ben v. Schwartz*, 556 Pa. 475, 481, 729 A.2d 547, 550 (1999). For an order to be collateral, and thus appealable, it must include the three factors defined in Pa. R.A.P. 313(b): (1) the order is separable from the main cause of action; (2) the right involved is too important to be denied review; and (3) the claim would be irreparably lost if review is postponed. *See Ben*, at 481, 729 A.2d at 550; Pa. R.A.P. 313(b).

¶ 6 This "collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right." *Melvin v. Doe*, 575 Pa. 264, 272, 836 A.2d 42, 46–47 (2003). Rule 313 must be interpreted narrowly, and each of the above prongs must be clearly present for an order to be considered collateral. *Id.*, at 272, 836 A.2d at 47. The first prong is established by finding that the issue surrounding the disputed order may be addressed without analyzing the ultimate issue in the underlying case. *Dibble v. Penn State Geisinger Clinic, Inc.*, 806 A.2d 866, 869–70 (Pa.Super.2002), *appeal denied*, 573 Pa. 666, 820 A.2d 705 (2003). As for the second prong, "it is not sufficient that the issue be important to the particular parties." *Geniviva v. Frisk*, 555 Pa. 589, 598, 725 A.2d 1209, 1213–14 (1999). Instead, the issue "must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.*, at 598, 725 A.2d at 1214. A court may

conduct a balancing test between the nature of the potentially unprotected right and the efficiency interest of the final judgment rule. *Dibble*, 806 A.2d at 869–70 (*citing Ben*, 556 Pa. 475, 729 A.2d 547).

¶ 7 The June 1, 2004 order from which Valentukonis appeals compelled her to answer interrogatories regarding her financial worth. The relevance and admissibility of Valentukonis' financial worth may be addressed without analyzing the Merithews' claims of negligence. *See Ben*, 556 Pa. 475, 729 A.2d 547. Thus, the issue of discovering Valentukonis' financial worth is separate from the merits of the Merithews' personal injury claims, and the first prong is established.

¶ 8 Regarding the second prong, the June 1, 2004 order compels Valentukonis to answer interrogatories that would permit the Merithews to determine Valentukonis' complete financial worth. We agree with Valentukonis that her privacy interest in her financial information raises a sufficiently important public policy concern, and the second prong is established. *Contrast Jacksonian v. Temple Univ. Health System Foundation*, 2004 PA Super 450, 862 A.2d 1275.

¶ 9 The order also required Valentukonis to produce the requested financial information within twenty days. Valentukonis' privacy interest in her financial worth would be irreparably lost if she complied with the order. Thus, the third prong is met.

¶ 10 Accordingly, we conclude that the trial court's June 1, 2004 order is a collateral order from which Valentukonis properly appeals. *See Ben*, 556 Pa. 475, 729 A.2d 547. *See also J.S. v. Whetzel*, 2004 PA Super 406, 860 A.2d 1112.

¶ 11 Finding this appeal properly before us as an appealable collateral order, we turn to the issue Valentukonis raised on appeal.

¶ 12 We generally review the grant or denial of discovery requests for an abuse of discretion. An abuse of discretion is more than just an error in judgment, and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *See Commonwealth v. Fleming*, 794 A.2d 385, 387 (Pa.Super.2002). Because challenges to discovery orders do not raise factual questions but, rather, legal questions, our scope of review is plenary. *See In re Hasay*, 546 Pa. 481, 486, 686 A.2d 809, 812 (1996).

¶ 13 Valentukonis' issue on appeal is whether the Merithews are entitled to discovery regarding Valentukonis' personal financial wealth.

¶ 14 Rule 4003.1 of the Rules of Civil Procedure provides, "A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending claim...." Pa.R.Civ.P. 4003.1(a).[1] "Any party may

1. Rule 4003.1. Scope of Discovery Generally. Opinions and Contentions.
   (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.
   (b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought

serve upon any other party written interrogatories to be answered by the party served...." Pa.R.Civ.P. 4005(a). The answering party must answer in writing and verify the answer. Pa.R.Civ.P. 4006(a). The answering party may object to providing an answer, upon which, the party submitting the interrogatories may move the court to dismiss the objection and order the answering party to provide an answer. Pa.R.Civ.P. 4006(b). The Merithews served Valentukonis interrogatories, many of which inquired about Valentukonis' financial worth. Valentukonis objected to such interrogatories. The Merithews motioned to the trial court to dismiss Valentukonis' objection. The trial court did so and ordered Valentukonis to answer the interrogatories.

¶ 15 Valentukonis argues that pre-judgment discovery of a defendant's wealth in an ordinary negligence case, *i.e.*, one with no punitive damages, is irrelevant, beyond the scope of discovery, and an impermissible intrusion of privacy.

¶ 16 Valentukonis contends that the information the Merithews sought is not relevant to the subject matter of the action. We agree.

¶ 17 The subject matter of the action is the alleged negligence of Valentukonis and the injuries the Merithews suffered because of Valentukonis' alleged negligence. Valentukonis' personal financial wealth has no relevance to her alleged negligence nor to the Merithews' alleged injuries and damages.

¶ 18 The Merithews assert that the discovery sought is necessary to evaluate and present their claims for damages. While such financial information may help a plaintiff in determining whether to settle a case, such information is not relevant to the subject matter of the action. Valentukonis' financial worth has no bearing in the ordinary negligence claim filed by he Merithews.[2] Accordingly, we find that the trial court abused its discretion in ordering Valentukonis to answer interrogatories regarding her financial wealth when such answers are not relevant to the subject matter of the action.[3]

¶ 19 Having found that the trial court abused its discretion in granting the Merithews' motion to compel and ordering Valentukonis to answer interrogatories regarding her financial wealth, we reverse the June 1, 2004 order and remand for further proceedings.

¶ 20 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

¶ 21 DEL SOLE, P.J. files a dissenting opinion.

DISSENTING OPINION BY DEL SOLE, P.J.:

¶ 1 I do not agree with the Majority's finding that the order in question is collat-

---

    appears reasonably calculated to lead to the discovery of admissible evidence.
  (c) Except as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact.

2. A party may obtain information concerning a defendant's wealth in a claim for punitive damages. *See* Pa.R.Civ.P. 4003.7. However, the Merithews' complaint did not seek punitive damages, therefore, such information cannot be obtained through Rule 4003.7. Likewise, Pa.R.Civ.P. 3117 is not applicable because Rule 3117 permits discovery of personal financial wealth in the aid of execution of a judgment. In this case, the Merithews have not obtained a judgment against Valentukonis.

3. Having found the information sought not relevant, we will not address the scope of discovery or privacy assertions of Valentukonis.

eral pursuant to Pa.R.A.P. 313. My concern is with the determination that it involves a right too important to be denied review. A matter is deemed to be too important to be denied review when the interests that might be without protection if appellate review were denied are more significant than the interest in avoiding piecemeal litigation. *Jacksonian v. Temple University Health System*, 862 A.2d 1275 (Pa.Super.2004). The issue must involve rights deeply rooted in public policy; it is not sufficient that the issue is important to the parties involved. *Id.* Here, the disclosure of tax returns does not implicate any such deeply-rooted interest; there simply is no societal interest in sheltering tax documents from adverse litigants. I see this as a situation in which the issue is significant only to the parties involved, especially the party forced to divulge financial information. I do not mean to imply that I think that the trial court acted properly in compelling the production of these records, in that they may be irrelevant to the underlying negligence action.[4] Yet relevance does not determine whether the collateral doctrine applies.

¶ 2 In reaching this conclusion, I note that Appellant is not without remedy. She could petition the trial court for certification of the issue for appeal and file a Petition for Permission to Appeal as contemplated in Pa.R.A.P. 1311. Should the trial court refuse certification, Appellant could file a Petition for Review with this Court as provided for in Chapter 15 of our Rules of Appellate Procedure. Of course, Appellant could simply elect not to comply with the discovery order and suffer whatever sanction the trial court would impose and then seek review.

¶ 3 Plainly, the collateral order doctrine was created to be a safety valve for uniquely postured cases. As such, it must be interpreted narrowly so as not to extend cases that do not fit this profile; they are provided other avenues of relief.

---

4. Because insurance companies are required to disclose liability limits, one could argue that the disclosure of financial information is relevant to aid the parties in determining how to pursue the action. We do not reach this question, however, as the relevance of the information sought is not presently before us.