COMMONWEALTH of Pennsylvania, Appellee,

v.

**Frank STECKEL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 2005.
Filed Dec. 29, 2005.

---

Frank Steckel, appellant, Pro Se.

Christopher D. Carusone, Assistant Attorney General, Harrisburg, for Commonwealth, appellee.

Before: FORD ELLIOTT, STEVENS, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the January 25, 2005 order entered in the Court of Common Pleas of Clinton County denying Appellant's motion to appeal *nunc pro tunc* from the order denying Appellant's motion for the appointment of counsel. Appellant contends (1) the trial court erred in denying his motion to appeal *nunc pro tunc* since the court did not inform Appellant he had thirty days to file an appeal, and (2) the trial court erred in denying his request for the appointment of counsel. For the following reasons, we quash this appeal.

¶ 2 The relevant facts and procedural history are as follows: On January 22, 2004, the Pennsylvania Attorney General filed a criminal complaint against Appellant charging him with, *inter alia*, possession with the intent to deliver a controlled substance, conspiracy, and dealing in proceeds of unlawful activity. On March 25, 2004, Appellant filed a counseled motion seeking to dismiss the criminal complaint, and the Commonwealth filed an answer with regard thereto. The trial court denied the motion to dismiss, and on April 26, 2004, the Commonwealth filed a formal information against Appellant charging him with sixteen different counts relating to racketeering and corrupt organizations, and on May 12, 2004, Peter T. Campana, Esquire, formally entered his appearance on behalf of Appellant.

¶ 3 On October 1, 2004, Attorney Campana filed a motion for permission to withdraw his appearance as counsel for Appellant, indicating that Appellant was unable to "live up to the terms of the fee agreement and is unable to pay the attorney's fees to the undersigned counsel due and owing under the agreement." On November 5, 2004, the trial court held a hearing regarding Attorney Campana's motion to withdraw and Appellant's oral request to proceed with court-appointed counsel. The trial court granted Attorney Campana's motion to withdraw his representation and directed Appellant to produce financial evidence of his need for court-appointed counsel.

¶ 4 On December 6, 2004, the trial court held another hearing to consider Appellant's request for the appointment of counsel. After Appellant presented evidence relating to his financial status, the trial court denied Appellant's request for the appointment of counsel. N.T. 12/6/04 at 9. Appellant did not file a timely appeal from the December 6, 2004 order; however, on January 25, 2005, Appellant filed a motion seeking to appeal *nunc pro tunc* from the trial court's denial of his request for the appointment of counsel. Specifically, Appellant alleged that, when the trial court denied Appellant's request for the appointment of counsel on December 6, 2004, the trial court failed to inform Appellant that

he had thirty days to file an appeal to this Court, and, therefore, the trial court should extend the time for Appellant to file an appeal. On January 25, 2005, the trial court entered an order denying Appellant's motion seeking to appeal *nunc pro tunc.* On February 11, 2005, Appellant filed a notice of appeal to this Court from the trial court's January 25, 2005 order, and all Pa.R.A.P.1925 requirements have been met.

¶ 5 Initially, we must consider whether Appellant's appeal from the January 25, 2005 order denying Appellant's motion to appeal *nunc pro tunc* from the trial court's December 6, 2004 order is properly before us. After a careful review, we conclude the trial court's underlying December 6, 2004 order denying Appellant's motion for the appointment of counsel is interlocutory and, therefore, the January 25, 2005 order denying Appellant's motion to appeal *nunc pro tunc* from the order is interlocutory as well.

Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P.341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa. C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P.313). A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. Pa.R.A.P. 341(b)(1)-(3).

*In re N.B.,* 817 A.2d 530, 533 (Pa.Super.2003) (citation omitted).

¶ 6 Here, there are no grounds for this Court to consider the order on appeal as final under Pa.R.A.P. 341. The order appealed from does not dispose of all claims or all parties involved, is not expressly defined as a final order by statute, and was not entered by the trial court as a final order. Moreover, neither Rule 311 nor 312 relates to the present matter.

¶ 7 Nor may we find the order appealable under Rule 313, which provides an exception to the rule of finality for certain interlocutory orders that qualify for an exception applied to collateral orders.

Under this exception, an order is immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Commonwealth v. Johnson,* 550 Pa. 298, 302, 705 A.2d 830, 832 (1998) (citations omitted). *See* Pa.R.A.P. 313.

¶ 8 Although the appellate courts of this jurisdiction have not directly determined whether an order denying a motion for the appointment of counsel in a criminal case is appealable under the collateral order exception, the appellate courts of this jurisdiction have applied the criteria enunciated *supra* to civil, family, and criminal cases involving orders denying counsel. For example, in the civil context, in *Duttry v. Talkish,* 394 Pa.Super. 382, 576 A.2d 53 (1990), this Court held that an order denying an indigent's request for appointment of counsel in an ongoing custody/visitation case was interlocutory and failed to satisfy the collateral order exception.

¶ 9 In the family law context, in *In re N.B.,* 817 A.2d 530 (Pa.Super.2003), this Court held that an order denying a mother's motion to change counsel, after she and husband were represented by the same court-appointed counsel in connection with a dependency proceeding, was not immediately appealable under the collateral order exception. While this Court

acknowledged the mother in *In re N.B.* had the right to counsel in the dependency case, we concluded the violation of this right could be vindicated in an appeal filed after the entry of a dependency and dispositional order. *Id.* at 535. Therefore, we specifically concluded the third prong of the collateral order exception was not met. *See id.*

¶ 10 In the criminal context, in *Commonwealth v. Johnson,* 550 Pa. 298, 705 A.2d 830 (1998), the Pennsylvania Supreme Court held that an order disqualifying a criminal defendant's choice of defense counsel is interlocutory and is not immediately appealable under the collateral order exception. The Supreme Court in *Johnson* recognized that the entitlement of criminal defendants to an immediate appeal depends on whether such an appeal is "necessary to ensure that they would not be deprived of a constitutional right." *Johnson,* 550 Pa. at 303, 705 A.2d at 833.

¶ 11 To illustrate when an immediate appeal would be "necessary," the Supreme Court contrasted the case of an order denying a motion to dismiss based upon double jeopardy absent a trial court finding that the motion is frivolous with the case of an order denying a motion to suppress evidence. Both motions seek to vindicate constitutional rights allegedly violated, but only in the double jeopardy case would the constitutional right (to be free of a second prosecution) be lost by postponing appeal to post-judgment. The suppression motion, on the other hand, may be effectively reviewed post-judgment, and if the ruling was incorrect, the defendant may be granted a new trial wherein the illegally-obtained evidence is suppressed. The Supreme Court then concluded:

> Like the denial of a suppression motion, an order disqualifying counsel is reviewable after judgment of sentence. If a judgment is obtained and it is determined on appeal that the trial court improperly removed counsel, the right to counsel of choice is not lost. There will be a new trial and the defendant will have his counsel of choice. This is unlike a double jeopardy claim where if the trial goes forward and the court wrongly denied the motion, the right is lost.

*Johnson,* 550 Pa. at 305–306, 705 A.2d at 834.

¶ 12 Accordingly, the Supreme Court in *Johnson* held that an order removing one's counsel of choice from representation is interlocutory and not immediately appealable under the collateral order exception in the criminal context.

¶ 13 In *Commonwealth v. Wells,* 553 Pa. 424, 719 A.2d 729 (1998), the Supreme Court applied its reasoning in *Johnson* to the question of whether an appeal from an order denying a request to withdraw as counsel due to an alleged conflict of interest was immediately appealable as a collateral order. The Supreme Court specifically concluded that a pre-trial order denying a petition to withdraw on the basis that a defendant is entitled to "conflict-free" counsel will not result in a right being irreparably lost if the order is not reviewed until after final judgment. Therefore, the Supreme Court reasoned that the order did not meet the collateral order exception. The Supreme Court noted "the importance of the finality rule in criminal cases, which serves to promote the compelling interest in prompt trials by avoiding the disruption of cases generated by piecemeal appellate review." *Wells,* 553 Pa. at 429–430, 719 A.2d at 731 (citation omitted).

¶ 14 As this Court has held, "an order disqualifying a party's choice of counsel is not easily distinguishable from an order denying counsel." *Duttry,* 576 A.2d at 56. As such, given the Supreme Court's holdings in *Johnson* and *Wells,* we conclude that, in the case *sub judice,* the trial

court's underlying order denying Appellant's motion for the appointment of counsel, and the subsequent order denying Appellant's motion to appeal *nunc pro tunc* therefrom, is interlocutory and unappealable.[1]

¶ 15 Appeal Quashed.

¶ 16 McEWEN, P.J.E. files a dissenting statement.

### DISSENTING STATEMENT BY McEwen, P.J.E.:

¶ 1 While the Opinion of the Majority reflects a careful analysis and provides a perceptive expression of position, I am unable to join in the view that the denial of the fundamental constitutional right to counsel is interlocutory. *See: Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A.2d 439 (1964). The thought occurs that if, upon remand, appellant seeks and is denied *in forma pauperis* status, that Order is appealable, *Grant v. Blaine,* 582 Pa. 1, 868 A.2d 400 (2005), and the trial in this case will be further delayed. More essentially, however, I am simply unable to compel a defendant to proceed to trial without providing him representation, since I am convinced that any conviction which follows will be overturned upon appeal. *See: Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971).

---

1. We recognize that, rather recently, the Pennsylvania Supreme Court held that an order denying a prisoner's request to proceed *in forma pauperis* in a prison condition litigation was a final order. *Grant v. Blaine,* 582 Pa. 1, 868 A.2d 400 (2005). The Supreme Court reasoned that an improper ruling prohibiting a prisoner from proceeding *in forma pauperis* could effectively put the litigant out of court because he may not be able to pay the court costs associated with the action. Because of these practical consequences, the Supreme Court held that an order denying *in forma pauperis* status should be immediately reviewable. In the case *sub judice,* while Appellant has sought court-appointed counsel, he has not specifically sought to proceed *in forma pauperis* and has not otherwise alleged he will be denied access to the courts.