J-S44045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TAVEREN ROBINSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LOUIS FOLINO | |
| Appellee | No. 528 WDA 2014 |

Appeal from the Order January 10, 2014
In the Court of Common Pleas of Greene County
Civil Division at No(s): 929 A.D. of 2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 20, 2015**

Taveren Robinson appeals from the order entered January 10, 2014, in the Greene County Court of Common Pleas transferring his petition for writ of *habeas corpus* to the Erie County Court of Common Pleas.  On appeal, Robinson argues the trial court erred in transferring his case to Erie County, failed to adhere to the procedural rules for *habeas corpus* petitions, misstated the facts underlying his claim, and violated his due process rights by failing to conduct a hearing on his petition.  Because we conclude the order on appeal is interlocutory, and not appealable as of right, we quash this appeal.

Robinson is currently incarcerated at the State Correctional Institution in Greene County (SCI–Greene), for a sentence imposed by the Erie County

Court of Common Pleas (Docket #2003-01762). The procedural history

relevant to this appeal is recounted by the trial court as follows:

> On December 5, 2013, [Robinson] filed with [the Greene County Court of Common Pleas], a Praecipe to Proceed in Forma Pauper[i]s and a Praecipe for Writ of Habeas Corpus Ad Subjiciendum, challenging the legality of his commitment and confinement at SCI-Greene.[1] On December 6, 2013, [the trial court], by letter, informed [Robinson] that because [he] was challenging the legality of his commitment, and there being no Order issued from this Court directing his detention or confinement, that pursuant to Pa.R.Crim.P. 108(A), he should direct his petition with the Court that had issued such an Order.
>
> [Robinson] responded to this Court's December 6, 2013 letter with a letter filed on December 16, 2013. [The trial court accepted Robinson's] letter dated December 11, 2013, filed on December 16, 2013, as a Motion for Reconsideration. Finally, [Robinson] filed a Praecipe for Entry of Judgment of Default on January 9, 2014. [The trial court then proceeded to] reconsider [Robinson's] Praecipe for Writ of Habeas Corpus, as well as consider [Robinson's] Praecipe for Default Judgment.

Trial Court Opinion, 1/10/2014, at 1-2.

Thereafter, on January 10, 2014, the trial court entered an order

denying both Robinson's Motion for Reconsideration and Praecipe for Default

Judgment, and directing the Prothonotary to transfer the record to the Erie

---

[1] We note that Robinson's petition for writ of *habeas corpus* was not included in the certified record sent to this Court. Upon inquiry of the Prothonotary of this Court, a copy of the petition was discovered in a discontinued appeal from Erie County. We have, therefore, entered an order, contemporaneous with this appeal, directing the Prothonotary of the Greene County Court of Common Pleas to supplement the certified record with a copy of Robinson's *habeas* petition. *See* Pa.R.A.P. 1925(b)(1) (appellate court may direct any material omitted from the record be certified and transmitted as supplemental record).

- 2 -

County Court of Common Pleas. On January 22, 2014, Robinson purportedly filed a Motion for Reconsideration of the trial court's January 10, 2014, order. The trial court never ruled upon the motion, and subsequently, on February 11, 2014, Robinson filed a timely notice of appeal.[2]

Before we may address the substantive issues Robinson raises in his appellate brief, we must consider the appealability of the order before us. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Sabula*, 46 A.3d 1287, 1290 (Pa. Super. 2012) (quotation omitted).

> Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P.341); (2) an interlocutory order as of right (Pa.R.A.P.311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P.313). A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. Pa.R.A.P. 341(b)(1)-(3).

*Commonwealth v. Steckel*, 890 A.2d 410, 412 (Pa. Super. 2005) (quotation omitted), *appeal quashed as moot*, 908 A.2d 269 (Pa. 2006).

Here, the order on appeal reads as follows:

> AND NOW, this 10 day of January 2014, in consideration of the record and the applicable law, the Court hereby DENIES [Robinson's] Motion for Reconsideration and [Robinson's] Praecipe for Default Judgment. Further, the Prothonotary is

---

[2] We note that the trial court did not direct Robinson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 3 -

> hereby DIRECTED to transfer the complete file to the Erie County Court of Common Pleas.

Order, 1/10/2014. The order does **not** deny or dismiss Robinson's petition for writ of *habeas corpus*.

We find that the trial court's January 10, 2014, order is interlocutory and not appealable. First, the order is not a final order pursuant to Rule 341 since (1) it does not dispose of all claims and all parties, (2) it is not expressly defined as final by statute, and (3) it was not entered as a final order following a determination of finality by the trial court. *See* Pa.R.A.P. 341(b). Significantly, the order does not put Robinson out of court. Rather, it simply transferred his *habeas* petition to another court of common pleas. *See* 42 Pa.C.S. § 5103(a) ("Transfer of erroneously filed matters").

Moreover, the order on appeal does not qualify as an interlocutory order where an appeal may be taken as of right, as delineated in Pa.R.A.P. 311. While Subsection (a)(1) permits an appeal from an order refusing to open, vacate or strike off a judgment, the order *sub judice* **denied** Robinson's praecipe to **enter a default judgment**. *See* Pa.R.A.P. 311(a)(1). Furthermore, the order on appeal did not direct a change in venue, as contemplated in Subsections (a)(3) and (c). *See* Pa.R.A.P. 311(a)(3), (c). While Subsection (c) permits an appeal as of right from an order "transferring [a] matter to another court of coordinate jurisdiction," the Note following the Rule explains:

> [This] subdivision **does not relate** to a transfer under … 42 Pa.C.S. § 5103 (transfer of erroneously filed matter) … because such a transfer is not a "court of coordinate jurisdiction" within

the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction.

Pa.R.A.P. 311, Note (emphasis).

Further, the order at issue does not qualify as a collateral order as it is not "separable from and collateral to the main cause of action[.]" Pa.R.A.P. 313(b). Therefore, Robinson's only avenue for appellate review at this time would have been to petition for permission to appeal pursuant to Pa.R.A.P. 1311. *See Commonwealth v. Fleming*, 794 A.2d 385, 387 (Pa. Super. 2002) ("When an interlocutory order is not immediately appealable by right, discretionary review may only be sought by the filing of a petition for an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702(b)."). However, Robinson failed to petition this Court as outlined in the Rule. *See* Pa.R.A.P. 1311(b); 42 Pa.C.S. § 702(b).

Therefore, because we conclude the order on appeal is interlocutory, and not appealable, we quash this appeal.[3]

_____

[3] We note, nevertheless, that the trial court properly transferred this action to Erie County. Pursuant to Pennsylvania Rule of Criminal Procedure 108,

> [a] petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.

Pa.R.Crim.P. 108(A). Robinson was sentenced in Erie County. While he contends, for various reasons, that Rule 108 is not controlling, we note that the primary claim in his *habeas* petition is that he has been confined without a valid sentencing order. Such a claim tests "the legality of [his]
*(Footnote Continued Next Page)*

- 5 -

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015

---

*(Footnote Continued)* ───────────

commitment and detention" and therefore, "is properly addressed in the court of record from which his judgment of sentence originated." ***Brown v. Pennsylvania Dept. of Corrections***, 81 A.3d 814, 815 (Pa. 2013). That court of record is the Erie County Court of Common Pleas.