**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN F. BROWN, JR., ESQUIRE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK S. HALPERN, ESQUIRE, HALPERN & LEVY, P.C., AND LYNNE BOGHOSSIAN | |
| Appellants | No. 1439 EDA 2014 |

Appeal from the Order Entered April 24, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01428 June Term, 2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 24, 2015**

Mark S. Halpern, Esquire, Halpern & Levy, P.C., and Lynne Boghossian (collectively, "Appellants") appeal from the order granting John F. Brown, Jr., Esquire's motion to compel discovery responses, entered by the Honorable Mark Bernstein in the Court of Common Pleas of Philadelphia County. Upon careful review, we affirm.

The relevant history of the instant matter is as follows:

In 2009, defendants Mark Halpern and Halpern & Levy, P.C., instituted a lawsuit against plaintiff and others on behalf of their client, defendant Boghossian, in Montgomery County [(the "Prior Action")]. All claims against plaintiff were dismissed with prejudice on January 31, 2014. Defendants did not appeal this dismissal and proceeded against the remaining defendant, the

---

[*] Retired Senior Judge assigned to the Superior Court.

Hilda Kilijian Irrevocable Trust ("HKIT"). On October 13, 2013, Judge [Lois E.] Murphy granted HKIT's motion for summary judgment. Defendants appealed the grant of summary judgment as to defendant HKIT to the Superior Court of Pennsylvania.

Six months after he was dismissed from the Montgomery County lawsuit, John Brown Jr., Esq., initiated this action against defendants alleging [civil conspiracy and wrongful use of civil proceedings stemming from the Prior Action]. In her answer and new matter to plaintiff's complaint, defendant Boghossian stated that the "claims of the plaintiff are barred because the Defendant relied in good faith upon the advice of counsel." Defendants Mark Halpern and Halpern & Levy, P.C., stated in their answer and new matter that "the claims of the plaintiff are barred because the defendants relied in good faith upon the facts given from the plaintiff in the underlying litigation."

. . .

On October 28, 2013, plaintiff served plaintiff's discovery requests on defendant Boghossian. On November 26, 2013, defendant Boghossian served plaintiff with her objections to plaintiff's requests, which assert that the requests call for information that is protected under attorney client privilege or the work product doctrine. On November 25, 2013, plaintiff served additional discovery requests on all defendants. Defendants have not yet responded. A hearing was held before this court on March 4, 2014. On April 24, 2014, this court entered an order granting plaintiff's motion to compel responses to plaintiff's October 28, 2013, and November 25, 2013 discovery requests. Defendants timely appeal.

Trial Court Opinion, 7/16/14, at 1-2.

On October 28, 2013, Brown filed discovery requests directed at uncovering the good faith basis relied upon by both Attorney Halpern and Boghossian. In response, Boghossian and Attorney Halpern filed a motion for summary judgment, motion for stay, and a motion for protective order, arguing that the discovery sought privileged information and attorney work

product.  On February 10, 2014, Judge Bernstein denied the motion for summary judgment.

On February 19, 2014, Brown filed motions to compel with respect to his discovery requests, as Boghossian and Attorney Halpern had not yet responded.  Those motions went uncontested.

On March 3, 2014, the trial court heard oral arguments on the Appellants' motions for stay and for protective order; the court denied the motion for stay at that time.  On April 24, 2014, Judge Bernstein granted Brown's motions to compel discovery.  Boghossian and Attorney Halpern appealed that order, raising the following issue, which we have restated for purposes of clarity:

> Did the trial court commit an error of law when it held that Appellants waived the attorney-client privilege and work product protections and compelled production of discovery where the Prior Action has not terminated and the actions of the Attorney Brown must still be determined by the fact finder?

Before we review the merits of this appeal, we must address Brown's motion to quash, in which he claims that this appeal is interlocutory because it concerns a discovery order.  Appellants contend that the order is appealable as a collateral order pursuant to Pa.R.A.P. 313.

Generally, only final orders, which dispose of all claims and of all parties, are appealable as of right.  *See* Pa.R.A.P. 341.  There are, however, exceptions.  "The collateral order doctrine allows for immediate appeal of an order which:  (1) is separable from and collateral to the main cause of action; (2) concerns a right too important to be denied review; and (3)

presents a claim that will be irreparably lost if review is postponed until final judgment in the case." ***Vaccone v. Syken***, 899 A.2d 1103, 1106 (Pa. 2006). This Court has previously evaluated that standard in the context of a discovery order, finding that where such an appeal raises "a colorable claim of attorney-client privilege," appellate review under the collateral order doctrine is appropriate. ***Gocial v. Independence Blue Cross***, 827 A.2d 1216, 1220 (Pa. Super. 2003); ***Carbis Walker, LLP v. Hill, Barth, & King, LLC***, 930 A.2d 573, 577 (Pa. Super. 2007).

Here, the order on appeal is separable from the main cause of action, raises a colorable issue as to attorney-client privilege, and presents a claim that will be irreparably lost if review was postponed until final judgment. Accordingly, the order meets the requisites of the collateral order doctrine and may be reviewed. ***See Law Offices of Douglas T. Harris, Esquire v. Philadelphia Waterfront Partners, LP***, 957 A.2d 1223, 1229 (Pa. Super. 2008) (appeals related to discovery of potentially privileged information are typically collateral in nature).

We now turn to Appellants' substantive claim. Appellants assert that, while their affirmative defenses each place privileged communications and work product at issue, those protections should not be waived because the Prior Action is still ongoing and, therefore, Brown's claim of wrongful use of civil proceedings is not ripe. This argument is misplaced and outside the scope of this appeal.

In a preliminary objection in the form of a demurrer to Brown's complaint, Appellants asserted that Brown's *Dragonetti* action was not properly before the court because the prior action had not terminated in his favor and, in fact, was still ongoing, with "the factual record as it applies to the conduct of [Brown]" still actively in litigation. Preliminary Objections of Lynne Boghossian, 8/30/13, at ¶ 52. The trial court denied Appellants' preliminary objections and, in doing so, concluded that Brown had set forth a cognizable claim for wrongful use of civil proceedings. Accordingly, any claim regarding the appropriateness of the *Dragonetti* action is, for now, the law of the case, to be subject to reversal only on appeal once the litigation is concluded. Thus, any claim based on the prematurity of the *Dragonetti* action is not properly before this Court, as the order currently on review solely pertains to discovery.

We generally review the grant or denial of discovery requests for an abuse of discretion. *Commonwealth v. Fleming*, 794 A.2d 385, 387 (Pa. Super. 2002). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *Id.* Because challenges to discovery orders do not raise factual questions but, rather, legal questions, our scope of review is plenary. *Merithew v. Valentukonis*, 869 A.2d 1040, 1043 (Pa. Super. 2005).

Pennsylvania Rule of Civil Procedure 4003.3 protects "disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories," from the reach of normal discovery. Pa.R.C.P. 4003.3. However, there are exceptions to that protection, namely, when the legal opinion of an attorney becomes a relevant issue, such as in an action for malicious prosecution or abuse of process, where a party's defense is predicated on a claim of good faith reliance on the opinion of counsel. *Id.*, comment. Appellants do not dispute the existence of such an exception. Instead, they argue that, although Brown was personally dismissed from the Prior Action, "the factual record as it applies to the conduct of Brown is still active and probative in that litigation." Brief of Appellant, at 22. Accordingly, they contend that they will be prejudiced in the ongoing Prior Action by the disclosure of privileged information in the ***Dragonetti*** action. We are not persuaded.

Here, Appellants themselves placed into issue their attorney-client communications by asserting good faith reliance as a defense to Brown's ***Dragonetti*** action. Having done so, they cannot now deny their adversary access to the information forming the basis of that defense. ***See*** Pa.R.C.P. 4003.3, comment (setting forth exception to discovery protection for attorney-client privileged information where party's defense is based on claim of good faith reliance thereon).

Moreover, it is not at all clear that the Appellants' ability to prosecute the Prior Action would be hampered by our ruling in this matter. In the

event that Appellants prevail on appeal and the Prior Action is remanded for trial, Appellants may file for a protective order or request such other relief as they may deem appropriate in order to prevent the admission of privileged information obtained solely for purposes of the **Dragonetti** action.

Order affirmed; motion to quash denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2015