J-A02004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN T. SOELLNER | : | |
| | : | |
| Appellant | : | No. 1484 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 21, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000181-2021

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED: MARCH 31, 2025**

Kevin Soellner appeals from the judgment of sentence entered after he was convicted of possession with intent to deliver and possession of a controlled substance.[1]  He presents two claims related to violations of ***Brady v. Maryland***, 373 U.S. 83 (1963).  After review, we affirm.

On September 9, 2020, Officer Otto Barton of the Tyrone Police Department charged Soellner with the above crimes.  The allegations involved a controlled buy on September 20, 2019.  A former classmate of Soellner's acted as a confidential informant, who arranged via cell phone to meet Soellner at an apartment in Tyrone.  The informant went to the apartment and bought methamphetamine, which he provided to the police.

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

In discovery, the Commonwealth provided a black and white photograph of the informant's cell phone, showing text messages from the buy. Soellner moved for the Commonwealth to provide a color copy of the messages and the phone itself for expert analysis. At a hearing on the motion, the Commonwealth represented that it could make the phone available for inspection. This was erroneous: the Commonwealth never possessed the phone. Soellner moved to preclude the Commonwealth's use of evidence derived from the informant's phone. The trial court denied the motion.

The case proceeded to a two-day jury trial. The Commonwealth presented testimony from Officer Barton, the informant, and the forensic scientist supervisor involved in this case, as well as the photograph of the informant's phone.

Soellner presented testimony from Jennifer Miles, who lived in the apartment where the buy occurred. Miles said that Officer Barton spoke with her about the buy. Miles testified that she told Officer Barton that Kevin Soellner was never in her apartment, but her boyfriend Kevin Waite was.

Soellner then called on Officer Barton, who acknowledged that he did not include his conversation with Miles in any incident report. Because the officer failed to document this interview and provide it to the defense, Soellner moved for a mistrial and dismissal with prejudice. The court denied the motion.

Soellner also presented the testimony of Erik Beninsky, whom the trial court qualified as an expert in digital forensic analysis. Beninsky opined that,

from an analysis of Soellner's own phone and phone bills, there were no communications between Soellner and the informant. Beninsky testified how the black-and-white photograph of the informant's phone was less useful for analysis than a color photograph or the phone itself would be.[2]

Soellner testified that at the time of the controlled buy on September 20, 2019, he was adopting a cat at his home in Tyrone. Soellner denied communicating with the informant.

The jury found Soellner guilty of possession with intent to deliver and possession of a controlled substance. The trial court sentenced Soellner to a sentence of 9 to 23 ½ months of incarceration followed by 3 years of consecutive probation. Soellner timely appealed. Soellner and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Soellner presents two issues for review:

1. Was there a denial of due process of the 14th amendment (***Brady*** violation) when the Trial Court permitted the Commonwealth the use of a purported communication of the confidential informant by cell phone when the Commonwealth failed to provide and preserve discoverable exculpatory evidence so that [Soellner's] expert would have been able to examine the phone's data it contained which would have demonstrated that [Soellner] was not involved in the transaction as the Commonwealth claimed?

2. Was there a denial of due process of the 14th amendment (***Brady*** violation) when the Trial Court failed to grant [Soellner's] motion for a mistrial and dismissal of the case with prejudice when the Police Officer testified at trial that he failed to provide discovery prior to trial of an interview conducted

---

[2] Officer Barton had explained that he never seizes any informant's phone, as the informant would then lose his personal phone and face safety risks.

> after the charges were filed of an exculpatory witness who was the resident where the alleged drug transaction occurred?

Soellner's Brief at 16.

This Court reviews rulings on discovery, including **Brady** claims, to determine whether the trial court abused its discretion. **Commonwealth v. Donoughe**, 243 A.3d 980, 984 (Pa. Super. 2020). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." **Commonwealth v. Fleming**, 794 A.2d 385, 387 (Pa. Super. 2002).

The Supreme Court of the United States held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, 373 U.S. at 87. For a defendant to establish a **Brady** violation, he must "demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." **Commonwealth v. Gibson**, 951 A.2d 1110, 1126 (Pa. 2008) (citing **Strickler v. Greene**, 527 U.S. 263, 281–82 (1999)).

Two requirements resolve the issues in this appeal. First, where the evidence withheld is only "potentially useful" rather than materially exculpatory, a defendant must show "bad faith on the part of the police". **Arizona v. Youngblood**, 488 U.S. 51, 58 (1988); **accord Commonwealth**

*v. Snyder*, 963 A.2d 396, 402 (Pa. 2009). Second, a defendant cannot show that the suppression of evidence prejudiced him, if he knew about the evidence or could have uncovered it with reasonable diligence. *Commonwealth v. Bomar*, 104 A.3d 1179, 1190 (Pa. 2014) (citing *Commonwealth v. Paddy*, 15 A.3d 431, 451 (Pa. 2011)).

Here, the trial court did not abuse its discretion in rejecting Soellner's *Brady* claims.

As to Soellner's first issue, the informant's phone (or a color photograph of the messages on it) would not be materially exculpatory but only potentially useful. The additional evidence would have allowed Soellner's expert to search for Soellner's number or determine the type of messages sent (*i.e.*, text messages or iMessages). Without having the results of an analysis, we cannot say that those results would be exculpatory, only that they could potentially support Soellner's defense. Therefore, Soellner's first *Brady* claim requires him to show bad faith on the part of the police. *Youngblood*, 488 U.S. at 58.

At the trial court and on appeal, Soellner has not shown that the police acted in bad faith by failing to take and retain the informant's phone. The trial court observed that it was reasonable for the police to allow the informant to continue to possess his phone:

> Targets will not answer random calls from any phone number. CIs use their own phones because CIs, who are usually drug purchasers or customers, are trusted by those who sell drugs. Police do not immediately arrest targets following a controlled purchase for many reasons. The police may be using

the CI for multiple targets within a time-frame and not all cases are concluded at the same time. Communications between the CI and the police are documented by photographing [the phone display]. Otherwise, the personal phone of the CI would be subject to storage in evidence from the date of the controlled purchase until the conclusion of trial, assuming the phone itself did not then become evidence for the trial. The timing of the filing of the charges (a year after the alleged incident) and the timing of the filing of the pretrial motions (about one year after the filing of the charges and about two years after the controlled buy) do not support a reasonable conclusion that the CI's phone was even available to the prosecution at the time of the request by the defense.

Trial Court Opinion, 2/8/24, at 15–16 (footnote omitted).

We agree with the trial court's reasoning, which is supported by Officer Barton's testimony. Because Soellner cannot show the police acted in bad faith in failing to preserve potentially useful evidence, his first issue fails.

As to Soellner's second issue, the trial court determined that Soellner failed to show prejudice from the prosecution's failure to document Officer Barton's interview with Miles, because Soellner obtained this information through his own diligent investigation. We agree with the trial court's analysis and adopt it as our own:

[T]he defense was aware of [Miles] prior to trial. While it is poor investigative procedure to fail to reduce an interview to a written report, the circumstances of the instant case do not rise to a *Brady* violation. . . . [Soellner's] claim of prejudice is without merit where his counsel was aware of the omission by the police, [Soellner] had the opportunity to prepare for trial with [that] knowledge, and the police officer who failed to document the information was subject to cross examination of the alleged investigative defect by the trier of fact. *See Bomar*, *supra* (stating that there is no *Brady* violation when a defendant knew or with reasonable diligence could have uncovered the evidence that the state allegedly failed to disclose).

- 6 -

*Id.* at 17. Because Soellner cannot establish that Officer Barton's failure to include his interview with Miles in an incident report prejudiced him, Soellner's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/31/2025