J-A10033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLIN D. NICOLOUDAKIS | : | |
| | : | |
| Appellant | : | No. 1441 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 22, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-SA-0000584-2021

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 5, 2023**

Appellant Franklin D. Nicoloudakis ("Appellant") files this *pro se* appeal from the judgment of sentence entered by the Court of Common Pleas of Bucks County imposing a $25.00 fine as well as costs and penalties after the trial court convicted Appellant of a summary violation pursuant to 75 Pa.C.S.A. § 3309 (disregarding traffic lane). After careful review, we affirm.

On August 26, 2021, at 9:28 p.m., Officer Joshua Kowalski of the Upper Makefield Police Department was on patrol on Woodhill Road when he noticed a silver Chevy Prizm in front of him that failed to remain in its traffic lane. Notes of Testimony (N.T.), 4/22/22, at 16-18. Officer Kowalski indicated that the vehicle was traveling eastbound on a two-lane road in which the opposing lanes were separated by a double yellow line in the middle. *Id*. at 18-19.

---

[*] Former Justice specially assigned to the Superior Court.

While traveling on Woodhill Road, Officer Kowalski observed the vehicle leave its lane of travel and cross over the center double yellow line into the westbound lane on three occasions. *Id*. After the vehicle turned onto Taylorsville Road and traveled southbound, Officer Kowalski saw the vehicle cross a fourth time into the opposing lane of travel, at which time there was traffic coming northbound. *Id*.

At that point, Officer Kowalski deemed the driver was driving dangerously and initiated a traffic stop. *Id*. After Appellant performed field sobriety testing and admitted to having been prescribed oxycodone, Officer Kowalski placed Appellant under arrest for suspicion of DUI. Affidavit of Probable Cause, 8/27/21, at 1-2. Appellant voluntarily submitted to a blood test at a local hospital. *Id*.

Initially, Appellant was charged with a summary offense of disregarding traffic lane (75 Pa.C.S.A. § 3309(1)) and DUI (75 Pa.C.S.A. § 3802(d)(2)), but the Commonwealth subsequently withdrew the DUI charge at Appellant's preliminary hearing. On November 8, 2021, Appellant pled guilty to the Section 3309 summary charge in the magisterial district court. On December 8, 2021, Appellant filed a notice of appeal from the summary conviction and was granted leave to proceed *in forma pauperis*.

The trial court scheduled a trial *de novo* for February 4, 2022. Appellant made a demand for discovery from the Bucks County District Attorney's Office and requested a continuance. On February 2, 2022, the trial court rescheduled Appellant's trial for March 11, 2022.

- 2 -

Appellant filed a second request for a continuance indicating he had not yet received a response from the Commonwealth to his demand for discovery. The trial court rescheduled the trial for April 22, 2022.

On April 14, 2022, Appellant filed a third request for a continuance, acknowledging that he had received the requested discovery on April 9, 2022, but needed additional time so that he could "review, analyze, and conduct legal research [to] compose a first class legal brief." The trial court took no action on this continuance request.

On April 22, 2022, Appellant appeared before the court on the day of his scheduled trial where he renewed his request for a continuance based his allegation that he needed additional time to prepare a brief. N.T. at 5. While Appellant acknowledged that the Commonwealth provided him with lab reports, the complaint, incident report, and a CD containing videos that recorded Appellant's entire encounter with police, Appellant claimed he could not find "something on the outside to play [the CD]" and only saw the footage that morning when the Commonwealth played it for him. *Id*. at 8, 10.

In addition, on the day of trial, Appellant referenced the fact that it was Orthodox Holy Friday and claimed he should not have to be occupied with legal matters on that date. *Id*. at 5. In response to questioning by the trial court, Appellant admitted that he had never referenced this holiday as a basis for a continuance in any of his written requests. *Id*. at 7.

The trial court subsequently denied Appellant's request for a continuance and proceeded with the trial on the Section 3309 charge.[1] The Commonwealth called Officer Kowalski to testify and admitted dashcam videos which corroborated Officer Kowalski's testimony that Appellant's vehicle crossed the center double yellow line four times. The video also showed that on the final time Appellant crossed the double yellow line, there was a vehicle coming in the opposing lane.

At the conclusion of trial, the trial court convicted Appellant of a violation of Section 3309 and sentenced Appellant to a fine of $25.00 along with court costs and penalties. After Appellant filed a timely notice of appeal, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and noted that "[a]ny issue not properly included in the statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Order, 6/15/22, at 1.

Appellant raises the following issues on appeal:

1. Does a *pro se* litigant have a constitutional right to access the same information that a defense lawyer can?

2. Does the denial of that same information available to a lawyer but deliberately withheld a *pro se* litigant impinge on the right to self-representation prior to the preliminary hearing?

---

[1] Appellant was not represented by counsel and his continuance request was not based on his desire to retain counsel. Further, Appellant did not request that counsel be appointed. **See also** Pa.R.Crim.P. 122 (providing that counsel shall be appointed in "all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel *when there is a likelihood that imprisonment will be imposed*")(emphasis added).

3. Is the preliminary hearing a crucial state of the prosecution?

4. Does the denial of D.U.I. lab report [by NMS Lab in Horsham, PA as well as the Upper Makefield P.D.] regarding the blood sample taken on the night in question constitute an abuse of discretion?

5. Did the denial of that lab report and the video cam of the motor vehicle stop and arrest by the Upper Makefield P.D. prior to [and after] the preliminary hearing incapacitate the defendant's ability to prepare a motion to suppress all the evidence?

6. How is the Court declining to grant an adjournment of trial to a *pro se* defendant to observe his solemn religious rite [Orthodox Holy Friday], secure authentication of medical documents and prepare adequately his defense strategy comport with fundamental fairness?

7. Was the Court's restriction on cross-examination of the D.U.I. sobriety walk, interrogation, and arrest an abuse of discretion given the Affidavit of Probable Cause [revolving around the erroneous belief of intoxication] is fused into the entire case?

8. Does the trial court prohibiting the scope of cross-examination as the base for the D.U.I. arrest violate fundamental fairness as well as established case law?

9. Given all that appellant suffered from the arrest and being falsely accused of a crime, how is the Court justified in ignoring altogether the motion to dismiss the traffic violation on *de minimis* grounds?

10. Was the arresting officer's failure to give weight to appellant's dislocated ankle, handicapped symbol on his vehicle, explanation that he was fatigued when forcing the sobriety walk a clear-cut example of his eagerness or overzealousness to make an arrest?

Appellant's Brief, at iv-v (brackets in original, suggested answers omitted).

We initially note that Appellant's brief fails to comply with our rules of appellate procedure. Although Appellant's statement of the questions presented raises the aforementioned ten issues, the argument section of his

appellate brief contains a disjointed, rambling discussion of numerous arguments Appellant wishes to raise. Pa.R.A.P. 2119 ("[t]he argument shall be divided into as many parts as there are questions to be argued").

Nevertheless, as we can discern Appellant's claims for relief, we will not quash the appeal and will limit our discussion to the claims set forth in Appellant's statement of questions involved.[2] *See* Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or fairly suggested thereby").

In the first five issues, Appellant suggests that he was denied appropriate discovery from the prosecution in that he did not have the opportunity before his preliminary hearing to review the lab report relative to his blood draw or the dashcam video of his entire encounter with police.

This claim is meritless as Appellant was not entitled to discovery of these materials prior to his preliminary hearing. It is well-established that "[t]here is no general constitutional right to discovery in a criminal case." ***Commonwealth v. Murphy***, 425 A.2d 352, 357 (Pa. 1981) (quoting ***Weatherford v. Bursey***, 429 U.S. 545, 559 (1977)). Our Court has interpreted Pennsylvania Rule of Criminal Procedure 573, which governs pretrial discovery, to find that "pre-trial discovery is generally not available to

---

[2] Although Appellant asks this Court to "liberally construe and modify the rules of appellate procedure" to excuse errors or omissions in his *pro se* brief "in the interest of justice," our courts have "long recognized that we must demand that *pro se* litigants substantially comply with our rules of procedure." ***Commonwealth v. Spuck***, 86 A.3d 870, 874 (Pa.Super. 2014).

an accused at the preliminary hearing stage of criminal proceedings."

***Commonwealth v. Jackson***, 785 A.2d 117, 119 (Pa.Super. 2001) (quoting

***Commonwealth v. Sanders***, 489 A.2d 207 (Pa.Super. 1985)). Further, we

note that the pretrial discovery rules in Rule 573 are not generally applicable

to summary offenses. ***Commonwealth v. Lutes***, 793 A.2d 949, 960

(Pa.Super. 2002).

Our review of the record shows that the Commonwealth provided

Appellant with all of the discovery materials he requested as a matter of

courtesy. While Appellant claims that the delay in receiving the discovery

materials prevented him from filing a suppression motion, Appellant has not

articulated any argument that he would have raised in this purported

suppression motion. As a result, we decline to review this claim further.

In his sixth claim, Appellant claims the trial court erred in denying his

third motion for continuance of his trial date which fell on Orthodox Holy Friday

as Appellant needed to secure authentication of his medical documents and

prepare his defense strategy.

> [I]t is well-settled that the decision to grant or deny a request for
> a continuance is within the sound discretion of the trial court.
> ***Commonwealth v. Pries***, 861 A.2d 951, 953 (Pa.Super. 2004).
> Discretion is abused when "the law is overridden or misapplied, or
> the judgment exercised is manifestly unreasonable, or the result
> of partiality, prejudice, bias, or ill-will, as shown by the evidence
> or the record...." ***Commonwealth v. Chambers***, 546 Pa. 370,
> 685 A.2d 96, 104 (1996) (quotation omitted).

***Commonwealth v. Taylor***, 277 A.3d 577, 588 (Pa.Super. 2022).

With respect to Appellant's argument that the trial court erred in failing to grant his continuance request as he should not be occupied with legal matters on Holy Friday, Appellant failed to raise this specific claim in his court-ordered Rule 1925(b) statement.

> It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **See Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 309 ([Pa.] 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge").

**Commonwealth v. Arnold**, 284 A.3d 1262, 1278–79 (Pa.Super. 2022) (quoting **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020)). As Appellant did not specifically claim in his Rule 1925(b) statement that the trial court erred in failing to grant a continuance so that he could observe the Good Friday holiday, it is waived on appeal.[3]

In addition, Appellant's third request for a continuance of trial was based on his contention that he needed additional time to prepare a brief, although the trial court had not requested that the parties file any briefs. We again note that the Commonwealth provided Appellant with the discovery materials,

---

[3] Appellant concedes that he did not ask the trial court for a continuance on this basis in his written requests but waited to raise this claim orally on the day of trial on April 22, 2022, which fell on Good Friday. Moreover, Appellant never claimed before the lower court that he desired to continue the trial from Good Friday for the purposes of religious observance, but merely claimed he did not wish to be "occupied with legal matters" on that date.

although not required to do so, with sufficient time for Appellant to review them before trial.

While Appellant asserts that he was unable to review the dashcam videos on the CD in the discovery packet until the morning of trial, the trial court found this claim was not credible given that it would not have taken much effort to locate equipment to view the recording. Rather, the trial court determined that Appellant chose not to review the discovery materials before trial and viewed Appellant's excuses as a pretext for requesting a third continuance of his trial. Accordingly, the trial court did not abuse its discretion in denying Appellant's third request for a continuance.[4]

In its seventh and eighth issues, Appellant argues that the trial court abused its discretion in limiting his cross-examination of Officer Kowalski with respect to Appellant's sobriety testing, interrogation, and arrest. We agree with the trial court's assessment that this line of questioning was irrelevant in Appellant's trial on the Section 3309 offense (disregarding traffic lane).

Our rules of evidence provide that "[e]vidence that is not relevant is not admissible." Pa.R.E. 402. Evident is "relevant" when it "has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Pa.R.E. 401.

---

[4] To the extent that Appellant argues that he should have been granted a continuance to authenticate the exhibits he intended to admit at trial, Appellant did not raise this claim before the trial court as a basis for requesting a continuance before trial. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

During cross-examination, Appellant focused his inquiry on events that occurred after he was subjected to the vehicle stop. Appellant asked Officer Kowalski why he directed Appellant to step out of the vehicle, why he did not consider Appellant's handicap sticker or injured ankle in assessing whether Appellant passed field sobriety testing, and whether he took Appellant to the hospital for a blood test.

However, Appellant was being prosecuted solely for a violation of Section 3309 and Officer Kowalski had testified that he determined that Appellant had violated this provision based on his observations of Appellant's conduct *before* he pulled Appellant's vehicle over. As noted above, Officer Kowalski saw Appellant's vehicle cross the center double yellow line on four occasions, including one time in which a vehicle was traveling in the opposite direction. Appellant does not challenge these assertions or the dashcam video recordings that corroborate Officer Kowalski's testimony.[5]

When asked for an offer of proof to justify why his questioning was material to the crime at issue, Appellant suggested Officer Kowalski had improper motives for arresting him for DUI. Appellant took offense to the fact that Officer Kowalski suspected that Appellant was intoxicated while driving.

Given that the DUI charge was withdrawn at Appellant's preliminary hearing, Appellant's trial was solely based on the Section 3309 charge, and

---

[5] Appellant has neither argued that Officer Kowalski lacked the requisite suspicion to stop his vehicle nor that there was insufficient evidence to support his conviction under Section 3309.

Officer Kowalski determined that Appellant had violated Section 3309 before he initiated the traffic stop, the trial court correctly determined that Appellant's lines of questioning regarding Officer Kowalski's motives for charging him with DUI were irrelevant to Appellant's defense. As such, the trial court properly limited Appellant's cross-examination of Officer Kowalski.

In the ninth issue for review, Appellant contends that the trial court should have dismissed the violation under Section 3309 on *de minimis* grounds as he did not injure anyone or cause any property damage when his vehicle crossed over the center double yellow line of the roadway.

In support of this argument, Appellant cites to Section 312 of the Crimes Code, which states in relevant part:

**§ 312. De minimis infractions**

**(a) General rule**.-The Court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

> (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

> (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a).

Appellant concedes that his vehicle crossed the center double line dividing opposing lanes four times. However, Appellant focuses on the language in Section 312(a)(2) in asserting he was entitled to leniency on his Section 3309 charge as he did not cause any harm and his offense was trivial. Appellant claims "[t]here are motor vehicle offenses far more odious than someone crossing the middle line of a two lane road – especially where there was no speeding, [and] no attempt to elude the police when the [patrol car] lights were activated." Appellant's Brief, at 16.

There is no authority to support Appellant's suggestion that a driver must cause an accident in order to be convicted of a Vehicle Code violation. Rather, the evil that Section 3309 is meant to protect against is the potential harm to other drivers, pedestrians, and property when a vehicle fails to maintain its traffic lane. It is well-established that "[t]he primary purpose of the Motor Vehicle Code and its amendments is to protect and promote public safety and property within the Commonwealth." **Commonwealth v. DeFusco**, 549 A.2d 140, 142 (Pa.Super.1988).

We do acknowledge that technical violations of the Vehicle Code may be dismissed when a driver acted reasonably under the circumstances. In **Commonwealth v. Slattery**, 139 A.3d 221, 225 n.8 (Pa.Super. 2016), this Court found a defendant's delay in activating his left turn signal to change lanes was a *de minimis* infraction where it was reasonable for the defendant wait to signal to avoid compromising the safety of the vehicles behind him. However, Appellant offers no argument or legitimate reason to show that it

was reasonable for Appellant to cross the center double yellow line dividing opposing lanes on multiple occasions, especially when oncoming traffic was approaching.

In his tenth issue for review, Appellant suggests that his Section 3309 conviction should be vacated as he alleges that Officer Kowalski was an "overzealous small-town cop" who was overly eager to make an arrest for DUI. Appellant argues that Officer Kowalski arrested him on suspicion of DUI without considering Appellant's physical disabilities. Further, Appellant claims the trial court should have dismissed his Section 3309 conviction as he suffered mental anxiety from being "falsely accused" and arrested for DUI and experienced physical pain from being handcuffed and sitting in a police car.

There is no merit to Appellant's claim that he was entitled to an acquittal of the Section 3309 offense based on sympathy. **See e.g. Commonwealth v. Pope**, 14 A.2d 139, 144 (Pa.Super. 2011) (rejecting the argument that a jury should return a verdict "based on mercy rather than fact").

Further, Appellant fails to include offer any legal authority to support his claim that he is entitled to an acquittal on the Section 3309 charge, which he clearly committed, simply because the DUI charge was withdrawn. **See Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa.Super. 2014) (when the appellant fails to cite to legal authority and does not develop any meaningful analysis in support of a claim, we may find an issue waived for lack of development).

Lastly, to the extent that Appellant believes that Officer Kowalski improperly arrested him for suspicion of DUI, this was not the appropriate forum to seek relief.[6] The sole matter before this Court is the appeal of Appellant's summary conviction under Section 3309. It is undisputed that the Commonwealth presented sufficient evidence to prove that Appellant violated Section 3309 when the testimony of the arresting officer and video recordings confirm that Appellant's vehicle crossed the center double yellow line four times. Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2023

---

[6] Nevertheless, we acknowledge that Trooper Kowalski based his suspicion that Appellant was driving under the influence of a controlled substance after he observed Appellant swerving into the opposing lane of traffic four times and Appellant admitted to taking Oxycodone.

- 14 -