J-A03004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN D. NICOLOUDAKIS | : | |
| | : | |
| Appellant | : | No. 353 EDA 2025 |

Appeal from the PCRA Order Entered December 18, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-SA-0000584-2021

BEFORE: BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED JANUARY 14, 2026**

Franklin D. Nicoloudakis appeals *pro se* from the order that denied his petition purporting to seek relief pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The facts underlying Appellant's conviction are as follows. While on patrol on the night of August 26, 2021, Officer Joshua Kowalski of the Upper Makefield Police Department observed Appellant stray from his driving lane, crossing the center line multiple times into the lane for oncoming traffic. Officer Kowalski stopped Appellant, who admitted that he was prescribed oxycodone. The officer arrested Appellant after conducting field sobriety tests, and he voluntarily submitted to a blood test. The Commonwealth

_____

[*] Retired Senior Judge assigned to the Superior Court.

charged Appellant with driving under the influence ("DUI") and the summary offense of failing to drive within a single lane as required by 75 Pa.C.S. § 3309(1). The Commonwealth dismissed the DUI charge at the preliminary hearing, and Appellant pled guilty to the traffic violation. He appealed for a *de novo* trial, which resulted in a guilty verdict and a sentence of $25 fine plus costs.

On direct appeal to this Court, Appellant raised ten issues, including the court's denial of a serial request for a continuance of the *de novo* trial. However, most of Appellant's arguments touched upon matters pertinent to the dismissed DUI charge rather than his summary conviction. For example, he complained that: (1) he did not timely receive discovery materials such as the lab result from his blood draw; (2) the trial court improperly disallowed cross-examination of Officer Kowalski regarding the field sobriety testing; and (3) he should have been acquitted of the traffic offense to make up for the harm he suffered due to the actions of the "'overzealous small-town cop' who was overly eager to make an arrest for DUI." ***Commonwealth v. Nicoloudakis***, 303 A.3d 733, 2023 WL 4348313, at *6 (Pa.Super. 2023) (non-precedential decision). We rejected his arguments, concluding our decision as follows:

> There is no merit to Appellant's claim that he was entitled to an acquittal of the [§] 3309 offense based on sympathy.
>
> Further, Appellant fails to . . . offer any legal authority to support his claim that he is entitled to an acquittal on the [§] 3309 charge,

> which he clearly committed, simply because the DUI charge was withdrawn.
>
> Lastly, to the extent that Appellant believes that Officer Kowalski improperly arrested him for suspicion of DUI, this was not the appropriate forum to seek relief. The sole matter before this Court is the appeal of Appellant's summary conviction under [§] 3309. It is undisputed that the Commonwealth presented sufficient evidence to prove that Appellant violated [§] 3309 when the testimony of the arresting officer and video recordings confirm that Appellant's vehicle crossed the center double yellow line four times. Appellant is not entitled to relief.

*Id*. at *6-7 (cleaned up).

Apparently believing a PCRA proceeding was the appropriate forum to seek relief for what he perceived to be violations of his civil rights in connection with his DUI arrest, Appellant filed a petition in which he claimed that the Commonwealth had "a moral imperative" to reimburse him the associated $260 cost of the tow of his vehicle. **See** PCRA Petition, 8/5/24, at 1. He asserted that the Commonwealth instead "played the role of Mr. Rogers['] Neighborhood" by "mak[ing] believe there was never a false arrest for a crime, there was no anxiety suffered by petitioner while his freedom was deprived, no fear of a false positive appearing in the lab report, [and] there were no financial costs connected to having the vehicle towed[.]" **Id**. at 4 (emphases omitted). Appellant additionally asserted other claims that he raised or could have raised on direct appeal, such as his circumscribed cross-examination, a suppression issue, alleged deficiencies in the affidavit of probable cause, and the denial of his third motion to continue the *de novo* trial. **Id**. at 2-4.

The PCRA court initially ordered counsel to represent Appellant but quickly rescinded the appointment in favor of giving Appellant the right to procure private counsel or apply for representation through the Public Defender's Office.[1] Appellant did neither of those things. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing because he was not eligible for PCRA relief as defined by 42 Pa.C.S. § 9543 since he was not currently serving a sentence of imprisonment, probation, or parole. Appellant filed a response, offering rhetorical questions and quotations from ancient cases to support his moral-imperative theory of relief, rather than providing any reasoned analysis of the eligibility mandates of § 9543. Accordingly, the PCRA court denied his petition by order of December 18, 2024.

_____

[1] The Rules of Criminal Procedure provide that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Although Appellant eventually established his *in forma pauperis* status, he does not challenge the PCRA court's decision regarding counsel. In any event, since we ultimately conclude that Appellant was not eligible for PCRA relief, any error on the part of the PCRA court in failing to provide counsel was harmless. **See Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006) (holding that the failure to appoint counsel for a petitioner who is not serving an enumerated type of sentence is harmless error because remand to correct the error would be futile).

This timely appeal followed. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal,[2] and Appellant timely filed a twenty-seven issue statement. The PCRA court complied with Rule 1925(a), opining that Appellant "has not, and cannot, demonstrate that he satisfies any one of the bases of eligibility for relief set forth in § 9543(a)(1)." PCRA Court Opinion, at 17. The court further posited that all the claims in Appellant's petition were previously litigated or waived through operation of § 9543(a)(3).[3] *Id*.

In this Court, Appellant presents the following questions for consideration:

1.) Is Restorative justice in accord with fundamental fairness?

---

[2] We remind the PCRA court that all Rule 1925(b) orders must indicate the addresses to which the statement may be mailed and served by hand-delivery. *See* Pa.R.A.P. 1925(b)(3)(iii).

[3] The court additionally suggested that Appellant waived all his appellate issues due to his non-compliance with Rule 1925(b), in that his filing:

> is a confusing and rambling statement made up of, in large part, purported legal maxims and definitions, citations to legal authority, quotations from historical figures, and a reference to the dismissal of criminal charges filed against former Congressman George Santos. It is not at all what is contemplated by [Rule] 1925(b).

*Id*. at 21. While the trial court's description of Appellant's statement is not inaccurate, we decline to apply waiver doctrine where the court was able to ascertain Appellant's issues and did not make a finding that he acted in bad faith. *Cf. Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 214 (Pa.Super. 2008) (finding waiver where the appellant's statement demonstrated "a deliberate attempt to circumvent the meaning and purpose of Rule 1925(b) and to overwhelm the court system").

2.) Does the Commonwealth have the moral obligation to make one whole who was wrongly accused of criminality where said person suffered financial loss and extreme physical pain?

3.) Does the District Attorney for the Commonwealth have the discretion to prosecute and/or drop charges in every case?

4.) Where the [District Attorney] refuses to drop a minor traffic charge after the defendant was wrongly arrested and accused of a crime ([DUI]), could that declination be seen as an abuse of discretion?

5.) Where [A]ppellant was required to take an oath of integrity prior to the commencement of trial (even without taking the stand) and was willing to certify as to the accuracy of all medical documentation being proffered as evidence, did the court abuse its discretion by sustaining the Commonwealth's objection to admission of said medical documents?

6.) Did the Commonwealth's blockage of medical documentation being admitted into evidence unfairly cripple [A]ppellant's ability to mount an affirmative defense as to why he crossed the middle lane[,] which might have resulted in a dismissal of 75 [Pa.C.S. §] 3309?

7.) Does the [Twelve-]Step concept of making amends when someone is wronged have validity and relevance to situations involving erroneous government action?

8.) Would [A]ppellant[']s medical documentation (denied admission at trial) have clearly established that [A]ppellant suffers from chronic insomnia, sleep apnea and possible structural defect in his bronchial tubes that may require corrective surgery?

9.) Was the Commonwealth's interference with admission of relevant medical information to support an affirmative defense to the charge of crossing the middle lane harmless error?

10.) Does the Commonwealth have the power to offset all fines and costs imposed by the amount of cash [A]ppellant paid ($260) to secure the release of his vehicle from impound

after the [DUI] charge was withdrawn due to negative lab reports?

11.) Does the Commonwealth have a moral imperative to rectify a situation where someone was falsely accused of a crime and then incurred direct cost as a result of that suspicion?

12.) Does a conviction for a summary offense somehow overshadow or negate being wrongly accused of a crime?

Appellant's brief at ii-iii (suggested answers omitted).

We begin with the applicable legal principles. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

The paramount reason offered by the PCRA court for its rejection of Appellant's petition is that he is not eligible for relief under § 9543, which provides as follows in pertinent part:

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime;

> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or
>
> (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).
>
> . . . .
>
> (3) That the allegation of error has not been previously litigated or waived.

42 Pa.C.S. § 9543.

This Court has interpreted this statutory language to reflect the legislature's intention to limit the PCRA's remedies to individuals whose liberty interests are constrained by criminal supervision:

> The PCRA only affords relief to those who are "currently serving a sentence of **imprisonment, probation**[,] **or parole** for the crime." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). By specifically limiting its scope to those sentences involving imprisonment, probation[,] or parole, the PCRA does not provide relief to those petitioners whose only sentence is a fine. Had the statutory language read, "currently serving a sentence for the crime," then . . . the statute would not limit the types of sentences eligible for PCRA relief. However, the clear language of the "currently serving" requirement as it is written precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine.

*Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa.Super. 1997).

Here, it is plain from the certified record that Appellant was never serving a sentence of imprisonment, probation, or parole, or awaiting execution, for his conviction of a traffic violation. Nor was he pursuing a DNA claim related to a completed sentence of imprisonment, probation, or parole.

Hence, he could not satisfy his burden pursuant to § 9543(a)(1) to establish his eligibility for PCRA relief.

In his initial brief, Appellant barely acknowledged the requirements of § 9543. His only reference to the statutory provision was the following unsupported statement included in his argument summary:

> The fact that to obtain relief the petitioner must have been convicted of a Pa. crime and is serving a sentence (42 [Pa.C.S. §] 9543(a)(1)) does not foreclose all relief under the Constitution. In fact, many courts have spoken how the Pennsylvania Constitution affords greater rights than even the federal Constitution.

Appellant's brief at iv.

After the Commonwealth aptly discussed **Fisher** in its appellate brief, Appellant in his reply brief countered with our Supreme Court's decision in **Commonwealth v. Delgros**, 183 A.3d 352 (Pa. 2018). In that case, our High Court considered, in the defendant's direct appeal from his judgment of sentence, "whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court." **Id**. at 353. The Court answered that question in the affirmative, creating a new exception to the general rule that claims of ineffective assistance of counsel are not properly raised on direct appeal, but must be deferred to subsequent PCRA proceedings. **Id**. at 361.

Appellant acknowledges that the **Delgros** ruling "pertained to [the Six]th Amendment right to effective assistance of counsel, that was considered a fundamental right." Appellant's reply brief at 12. However, he maintains that the fundamental fairness aspect of due process is a parallel constitutional right, observing that, while his liberty interests are not directly impacted by his sentence, "failure to pay a fine subjects a defendant to potential loss of driving privileges, arrest if driving on the revoked list and potential incarceration." **Id**. Thus, Appellant argues that the holding of **Delgros** warrants allowing his PCRA claims to be heard notwithstanding § 9543's strictures. **Id**.

We are unpersuaded by Appellant's arguments. First, the **Delgros** Court held not that a defendant sentenced only to the payment of fines could pursue a PCRA petition after his direct appeal concluded, but that the statutory ineligibility which necessarily flowed from § 9543(a)(1) allowed the defendant to vindicate his Sixth Amendment rights on direct appeal. Indeed, Appellant was able to, and did, pursue his fundamental fairness arguments on direct appeal, which establishes another reason for his ineligibility for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(3).

Moreover, the **Delgros** Court expressly limited its ruling to claims raised on direct appeal involving the Sixth Amendment right to counsel, and endorsed **Fisher's** interpretation of § 9543(a)(1), stating:

> [A]s this appeal involves the examination of ineffectiveness claims presented in post-sentence motions, prior decisions governed by

the PCRA that construe that statute's eligibility requirements are left undisturbed. *See*, *e.g.*, *Commonwealth v. Fisher*, 703 A.2d 714 (Pa.Super. 1997) (holding that [§] 9543(a)'s eligibility requirement of current incarceration, probation or parole precludes PCRA relief for those petitioners who were sentenced only to pay a fine).

*Delgros*, 183 A.3d at 362–63. It is not within the power of the instant panel of this Court to overrule *Fisher*, even if we thought it appropriate. *See*, *e.g.*, *Commonwealth v. May*, 271 A.3d 475, 482 (Pa.Super. 2022) ("This panel is bound by existing precedent and, therefore, lacks the authority to overturn another panel decision.").

The fact that Appellant may face additional collateral ramifications from his sentence does not allow him to pursue PCRA relief when he is not imprisoned, on probation, or on parole in connection with his conviction. *See*, *e.g.*, *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009) ("The PCRA is not intended to provide relief from collateral consequences of a criminal conviction." (cleaned up)).

Finally, we note that application of § 9543 and the precedent interpreting it by no means leaves individuals who are never sentenced to imprisonment or other qualifying criminal supervision without a remedy for civil rights violations at the hands of overzealous law enforcement officers.[4]

_____

[4] *See*, *e.g.*, *York v. Kanan*, 298 A.3d 533, 535 (Pa.Cmwlth. 2023) ("York brought a civil suit against [Philadelphia police officers] alleging false arrest and malicious prosecution stemming from York's arrest and prosecution for three criminal offenses of which he was acquitted."); *Brown v. Gee*, 295 A.3d
*(Footnote Continued Next Page)*

Rather, the controlling authority discussed above indicates that Appellant has once again chosen an inappropriate forum to pursue redress for the harms he claims to have sustained.

Order affirmed. Oral argument scheduled for January 27, 2026, is hereby cancelled.[5]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/14/2026

_____

752 (Pa.Cmwlth. 2023) (involving action for, *inter alia*, false arrest and civil rights violations brought by individual whose criminal charges were nolle prossed by the district attorney's office).

[5] Pursuant to the Superior Court Operating Procedures, appeals from PCRA orders are generally not subject to oral argument. **See** 210 Pa. Code § 65.36(A) ("All post-conviction hearing cases shall be submitted on the briefs and record unless otherwise directed by the Court upon its own motion or upon application of a party."). Appellant here made a bald request for oral argument, which a motions judge of this Court granted without explanation. For the reasons detailed above, we have ascertained that it is impossible for Appellant to prevail before this panel. Therefore, oral argument would serve no purpose.